J. L. FISHER, APPELLEE v. FRED J. H. LAWSON, APPELLANT.

FILED APRIL 12, 1918. No. 19934.

1. **Land Contract: AGREEMENT TO ASSIGN: RIGHTS OF ASSIGNEE.** An agreement to assign a land contract between third parties for the sale and purchase of real estate is not a contract for the sale of land. The assignee of the contract takes only the rights of the assignor.

2. **Specific Performance: REVIEW.** The evidence reviewed, and found sufficient to sustain the findings and decree of the district court, and the same are adopted by this court.

APPEAL from the district court for Wheeler county: JAMES R. HANNA, JUDGE. *Affirmed.*

*T. F. A. Williams, A. L. Bishop* and *F. J. Lawson,* for appellant.

*O. A. Williams, Williams & Kryger* and *R. O. Williams, contra.*

HAMER, J.

This action was brought in the district court for Wheeler county to foreclose a contract between the plain-

tiff and defendant by which the plaintiff sold a certain
contract between the Omaha Safe Deposit & Trust
Company, by which the trust company agreed to sell
to one Russell O. Woodworth the northeast quarter of
section 19, township 24 north, of range 10 west, of
the sixth principal meridian, situated in said Wheeler
county, and by which Woodworth agreed to purchase
said land and pay $2,400 therefor. By the terms of
the contract in question in the case Lawson agreed
to pay Fisher the sum of $2,800 for the said contract
and the assignment of it to him as follows: $1,600 to
be secured by a mortgage on land owned by Lawson,
and to assume the payment of $1,200 the remainder
due to the Omaha Company. When such payments
were made, the Omaha Safe Deposit & Trust Company
was to transfer said premises to Fisher's assignee. A
trial in the district court for Wheeler county resulted
in a decree for plaintiff, and the defendant has ap-
pealed.

Appellant contends first that the contract in question
was one for the sale of land, and that plaintiff was
required to furnish him with a good merchantable title
to said real estate before appellant paid any part of
the purchase price for the assignment of the contract
in question, and that the finding and judgment were
erroneous for that reason. An examination of the con-
tract is a sufficient answer to this assignment. The
agreement between Fisher and the appellant is one
whereby Fisher simply agreed to assign and deliver
the contract between the Omaha Safe Deposit & Trust
Company and Woodworth to Lawson, with the consent
of the trust company, which the plaintiff obtained in
writing. The finding of the district court on that point
appears to be right.

It is further contended that the evidence is in-
sufficient to sustain the decree. The record shows that
Lawson was to have possession of the premises in
question when he executed the mortgage for $1,600 to
the plaintiff. It clearly appears that appellant took

possession of the land without executing the mortgage for about four years; that plaintiff sent a note and mortgage to the bank at Elgin, Nebraska, for $1,600 for appellant to execute; that the bank gave him notice that they were there to be signed and acknowledged, yet the defendant failed and refused to sign and execute the same. It further appears that appellant never paid the remainder due on the Woodworth contract to the trust company, and never assumed the payment of the $1,200, or any other sum whatever, and never carried out any part of his contract with Fisher.

Defendant never paid any taxes on the land in question, but purchased an outstanding certificate of tax sale when he ought to have paid the taxes himself. His only excuse for his conduct was that plaintiff had not furnished him with a good title. It appears that there was a mortgage of record on the land in question which had not been released of record, and to comply with the defendant's demands the Omaha Safe Deposit & Trust Company brought a suit in the district court for Douglas county for a cancelation of the $800 mortgage and to quiet the title to the land described in the Woodworth contract, and obtained a decree quieting the title and perfecting the same so that it could make a good, perfect and merchantable title to the defendant; that the plaintiff paid the trust company the remainder due on the Woodworth contract, and has always been ready and willing to make a good and perfect deed to the said land in question to defendant upon the performance by him of the conditions of the contract between them. As we view the record, there appears to be no sufficient excuse for defendant's failure to perform his agreement.

While it is earnestly contended that the land itself was sold, the language of the contract is: "Within 30 days after this date, upon the payment of said party of the second part of the price above named and delivery of said securities, said J. L. Fisher agrees to assign contract for the (describing the land)." This

would clearly appear to be an agreement to assign the contract. It is certainly not an agreement to execute a deed. The contract made does not seem to justify the defendant's contention, and the finding and judgment of the district court is fully justified by the evidence.

The decree of the district court seems to be clearly right, and it is

AFFIRMED.

SEDGWICK, J., not sitting.